## STATE OF INDIANA
## CIRCUIT COURT OF TIPPECANOE COUNTY

| Fabian Huizar, | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | 79C01-2207-CT-_____ |
| | : | |
| Equifax Information Services LLC, | : | **DEMAND FOR JURY TRIAL** |
| Defendant. | : | |

## COMPLAINT

### *Introduction*

1. This is a case about inaccurate credit information and a company's bad investigations of a person's disputes concerning such credit. With no regard for the clearly false credit information, the company ignored attempts to rectify the errors.

2. Equifax Information Services LLC ("Equifax") is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

3. This case involves an account held by Horizon Bank ("Horizon").

### *PARTIES*

### Plaintiff Fabian Huizar ("Mr. Huizar")

4. Fabian Huizar ("Mr. Huizar") is an individual.

### Defendant Equifax Information Services, LLC ("Equifax")

5. Equifax is a limited liability company organized and existing under the laws of the State of Georgia.

6. Equifax's principal place of business is located at 1550 Peachtree Street, Atlanta, Georgia 30309.

7. Equifax's registered agent for service of process in Indiana is Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.

1

8. At all times relevant to this action, Equifax employees and agents were agents acting on behalf of Equifax.

9. Equifax maintains a website at https://www.equifax.com/personal/

10. Equifax is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

### *Dispute Timing and Allegations*

#### 1.1   The July 2020 Dispute

11. In July of 2020, Mr. Huizar sent a letter to Equifax dated for a day in July of 2020 disputing credit information (the "July 2020 Dispute") concerning Mr. Huizar.

12. Mr. Huizar's July 2020 Dispute indicated certain credit information was false or inaccurate.

13. The July 2020 Dispute disputed information concerning a Horizon Bank account.

14. Equifax notified Horizon of Mr. Huizar's July 2020 Dispute and the inaccurate information alleged by Mr. Huizar.

15. Equifax sent an Automated Credit Dispute Verification (ACDV) form to Horizon related to the July 2020 Dispute.

16. Contained in Mr. Huizar's July 2020 Dispute was documentation supporting the fact that certain disputed information was inaccurate.

17. In response to the July 2020 Dispute, Equifax did not conduct a reasonable investigation with respect to the disputed information.

18. No individual person conducted an investigation of the July 2020 Dispute for Equifax.

19. In conducting the investigation for the July 2020 Dispute, Equifax did not review the relevant information provided in the July 2020 Dispute.

20. Equifax was unable to verify the disputed information in the July 2020 Dispute.
21. In response to the July 2020 Dispute, Equifax stated that it verified certain disputed information as accurate.
22. In response to the July 2020 Dispute, Equifax did not to modify, delete or permanently block the disputed information.

### 1.2  The November 2020 Dispute

23. In November of 2020, Mr. Huizar sent a letter to Equifax dated for a day in November of 2020 disputing credit information (the "November 2020 Dispute") concerning Mr. Huizar.
24. Mr. Huizar's November 2020 Dispute indicated certain credit information was false or inaccurate.
25. The November 2020 Dispute disputed information concerning a Horizon account.
26. Equifax notified Horizon of Mr. Huizar's November 2020 Dispute and the inaccurate information alleged by Mr. Huizar.
27. Equifax notified Horizon of Mr. Huizar's November 2020 Dispute and the inaccurate information alleged by Mr. Huizar.
28. Equifax sent an Automated Credit Dispute Verification (ACDV) to Horizon related to the November 2020 Dispute.
29. In response to the November 2020 Dispute, Equifax did not conduct a reasonable investigation with respect to the disputed information.
30. No individual person conducted an investigation of the November 2020 Dispute for Equifax.
31. In conducting the investigation for the November 2020 Dispute, Equifax did not review the relevant information provided in the November 2020 Dispute.

3

32. In response to the November 2020 Dispute, Equifax responded to Mr. Huizar that certain disputed information was accurate.

33. Equifax was unable to verify the disputed information in the November 2020 Dispute.

34. In response to the November 2020 Dispute, Equifax did not to modify, delete or permanently block the disputed information.

### 1.3   The January 2021 Dispute

35. In January of 2021, Mr. Huizar sent a letter to Equifax dated for a day in January of 2021 disputing credit information (the "January 2021 Dispute") concerning Mr. Huizar.

36. Mr. Huizar's January 2021 Dispute indicated certain credit information was false or inaccurate.

37. The January 2021 Dispute disputed information concerning a Horizon account.

38. Equifax notified Horizon of Mr. Huizar's January 2021 Dispute and the inaccurate information alleged by Mr. Huizar.

39. Equifax sent an Automated Credit Dispute Verification (ACDV) to Horizon related to the January 2021 Dispute.

40. Contained in Mr. Huizar's January 2021 Dispute was documentation supporting the fact that certain disputed information was inaccurate.

41. In response to the January 2021 Dispute, Equifax did not conduct a reasonable investigation with respect to the disputed information.

42. No individual person conducted an investigation of the January 2021 Dispute for Equifax.

4

43. In conducting the investigation for the January 2021 Dispute, Equifax did not review the relevant information provided in the January 2021 Dispute.

44. In response to the January 2021 Dispute, Equifax stated that it verified certain disputed information as accurate.

45. Equifax was unable to verify the disputed information in the January 2021 Dispute.

46. In response to the January 2021 Dispute, Equifax did not to modify, delete or permanently block the disputed information.

### 1.4    The November 2021 Dispute

47. In November of 2021, Mr. Huizar sent a letter to Equifax dated for a day in November of 2021 disputing credit information (the "November 2021 Dispute") concerning Mr. Huizar.

48. Mr. Huizar's November 2021 Dispute indicated certain credit information was false or inaccurate.

49. The November 2021 Dispute disputed information concerning a Horizon account.

50. Equifax notified Horizon of Mr. Huizar's November 2021 Dispute and the inaccurate information alleged by Mr. Huizar.

51. Equifax sent an Automated Credit Dispute Verification (ACDV) form to Horizon related to the November 2021 Dispute.

52. Contained in Mr. Huizar's November 2021 Dispute was documentation supporting the fact that certain disputed information was inaccurate.

53. In response to the November 2021 Dispute, Equifax did not conduct a reasonable investigation with respect to the disputed information.

5

54. No individual person conducted an investigation of the November 2021 Dispute for Equifax.

55. In conducting the investigation for the November 2021 Dispute, Equifax did not review the relevant information provided in the November 2021 Dispute.

56. In response to the November 2021 Dispute, Equifax stated that it verified certain disputed information as accurate.

57. Equifax was unable to verify the disputed information in the November 2021 Dispute.

58. In response to the November 2021 Dispute, Equifax did not to modify, delete or permanently block the disputed information.

### 1.5   The December 2021 Dispute

59. In December of 2021, Mr. Huizar sent a letter to Equifax dated for a date in December of 2021 disputing credit information (the "December 2021 Dispute") concerning Mr. Huizar.

60. Mr. Huizar's December 2021 Dispute indicated certain credit information was false or inaccurate.

61. The December 2021 Dispute disputed information concerning a Horizon account.

62. Equifax notified Horizon of Mr. Huizar's December 2021 Dispute and the inaccurate information alleged by Mr. Huizar.

63. Equifax sent an Automated Credit Dispute Verification (ACDV) form to Horizon related to the December 2021 Dispute.

64. Contained in Mr. Huizar's December 2021 Dispute was documentation supporting the fact that certain disputed information was inaccurate.

65. In response to the December 2021 Dispute, Equifax did not conduct a reasonable investigation with respect to the disputed information.

66. No individual person conducted an investigation of the December 2021 Dispute for Equifax.

67. In conducting the investigation for the December 2021 Dispute, Equifax did not review the relevant information provided in the December 2021 Dispute.

68. In response to the December 2021 Dispute, Equifax stated that it verified certain disputed information as accurate.

69. Equifax was unable to verify the disputed information in the December 2021 Dispute.

70. In response to the December 2021 Dispute, Equifax did not to modify, delete or permanently block the disputed information.

### 1.6 The April 2022 Dispute

71. In April of 2022, Mr. Huizar sent a letter to Equifax dated for April of 2022 disputing credit information (the "April 2022 Dispute") concerning Mr. Huizar.

72. Mr. Huizar's April 2022 Dispute indicated certain credit information was false or inaccurate.

73. The April 2022 Dispute disputed information concerning a Horizon account.

74. Equifax notified Horizon of Mr. Huizar's April 2022 Dispute and the inaccurate information alleged by Mr. Huizar.

75. Equifax sent to Horizon an Automated Credit Dispute Verification (ACDV) form related to the April 2022 Dispute.

76. Contained in Mr. Huizar's April 2022 Dispute was documentation supporting the fact that certain disputed information was inaccurate.

77. In response to the April 2022 Dispute, Equifax did not conduct a reasonable investigation with respect to the disputed information.
78. No individual person conducted an investigation of the April 2022 Dispute for Equifax.
79. In conducting the investigation for the April 2022 Dispute, Equifax did not review the relevant information provided in the April 2022 Dispute.
80. In response to the April 2022 Dispute, Equifax did not report to the CRAs that any of the disputed information in the April 2022 Dispute was inaccurate.
81. In response to the April 2022 Dispute, Equifax stated that it verified certain disputed information as accurate.
82. Equifax was unable to verify the disputed information in the April 2022 Dispute.
83. In response to the April 2022 Dispute, Equifax did not to modify, delete or permanently block the disputed information.

### *Additional Factual Allegations*

84. Equifax could have known that the subject reporting was wrong.
85. Equifax should have known that the subject reporting was wrong.
86. Equifax did know that the subject reporting was wrong.
87. The false information should have been automatically trapped in Equifax's system.
88. The subject reporting is inconsistent with established industry standards.
89. Mr. Huizar repeatedly notified Equifax of the inaccurate reporting.
90. Equifax's procedures include reviewing all relevant information provided, yet Equifax failed to review such information.
91. Alternatively, Equifax has no procedures in generating the inaccurate reporting.

92. Equifax was made aware of court rulings indicating that Equifax's investigation was unreasonable.

93. At no point when Equifax conducted any investigation into the disputed credit information did Mr. Huizar owe any money to Horizon.

94. Following each of the credit dispute investigations conducted by Equifax, Equifax represented that the disputed credit information met requirements of the Fair Credit Reporting Act.

95. At the time of the investigations of Mr. Huizar's disputed credit information, Equifax did not have any procedures for people conducting such investigations to follow.

96. At the time of the investigations of Mr. Huizar's disputed credit information, Equifax did not have written procedures concerning credit dispute investigations sufficient to find inaccurate information.

97. At the time of the investigations of Mr. Huizar's disputed credit information, Equifax did not use written procedures sufficient to find concerning credit dispute investigations sufficient to find inaccurate information.

98. Equifax acted negligently and with reckless disregard for its statutory duties.

99. Equifax recklessly committed the acts described herein in conscious disregard for the rights of others, including Mr. Huizar.

100. At all times relevant to the facts in this case, Equifax had in place an agreement concerning furnishing credit information.

101. In 2020, Equifax had a subscriber agreement with Horizon.

102. In 2021, Equifax had a subscriber agreement with Horizon.

103. In 2022, Equifax had a subscriber agreement with Horizon.

104. Equifax's investigations concerning Mr. Huizar's disputes were conducted, in whole or part, by people working outside of the United States.
105. Equifax's investigations concerning Mr. Huizar's disputes were conducted, in whole or part, in part by people working inside of the United States.
106. It does not take an expert to determine that Equifax's investigations were not reasonable.
107. Equifax made a report of its revenue and its net worth for the calendar years 2020, 2021 and/or 2022.
108. Equifax provides a monetary incentive, such as a bonus or a raise, to people conducting credit dispute investigations.
109. Equifax has a way to track how much time is spent on a credit dispute investigation.
110. Equifax made an error with respect to one or more credit dispute investigations concerning Mr. Huizar.
111. Equifax keeps notes concerning the credit information it shares about consumers.
112. Equifax is provided training by one or more attorneys on how to deal with credit disputes and conduct investigations. This training is used as part of Equifax's business process for complying conducting dispute investigations.
113. Equifax uses E-Oscar communications in the regular course of its business.
114. Equifax had one or more written agreements, in place at some time between 2020 to 2022, describing an arrangement with a third party to perform credit dispute investigations.
115. Equifax has records reflecting payment to the people or entities performing the credit dispute investigations relating to Mr. Huizar.

116. All conditions precedent necessary for this lawsuit have occurred or been performed by Mr. Huizar.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Equifax for damages, fees, costs, and all such other relief that is just and proper.

### JURY DEMAND

Mr. Huizar demands a jury trial on all issues herein.

Respectfully submitted,
/s/ Duran L. Keller
Duran L. Keller (#31743-79)
**KELLER LAW**
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile: (765) 807-3388
Email: duran@keller.law
*Attorney for Fabian Huizar*

11