## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| FABIAN HUIZAR,<br> Plaintiff,<br><br>v.<br><br>HORIZON BANK,<br> Defendant. | CAUSE NO.: 4:22-CV-60-PPS-JEM |
| FABIAN HUIZAR,<br> Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br> Defendant. | CAUSE NO.: 4:22-CV-85-PPS-JEM |
| FABIAN HUIZAR,<br> Plaintiff,<br><br>v.<br><br>TRANSUNION LLC,<br> Defendant. | CAUSE NO.: 4:22-CV-86-PPS-JEM |
| FABIAN HUIZAR,<br> Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION<br>SERVICES LLC,<br> Defendant. | CAUSE NO.: 4:22-CV-90-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Discovery, [DE 105] in

*Huizar v. Horizon Bank,* 4:22-CV-60-PPS-JEM; [DE 141] in *Huizar v. Experian,* 4:22-CV-85-

PPS-JEM; [DE 106] in *Huizar v. Trans Union*, 4:22-CV-86-PPS-JEM; and [DE 112] in *Huizar v. Equifax Information Services*, 4:22-CV-90-PPS-JEM; filed June 28, 2024. Plaintiff requests that the Court compel the consumer reporting agency defendants, Equifax, Trans Union, and Experian, to provide information that he asserts was missing from the Rule 30(b)(6) depositions. Defendants filed a response on July 11, 2024, and on July 25, 2024, Plaintiff filed a reply. On August 1, 2024, Experian filed a motion for leave to file a sur-reply, accompanied by a motion to file a related exhibit under seal. Plaintiff filed an objection to the sur-reply on August 8, 2024.

**I.    Sur-reply**

Defendant Experian seeks leave to file a sur-reply to address arguments raised for the first time by Plaintiff in the reply brief. Plaintiff provided excerpts of several deposition transcripts with his reply, and Experian seeks to attach one of the complete deposition transcripts from which Plaintiff provided excerpts and give context to those excerpts. Plaintiff objects, arguing that Defendants knew about the arguments Plaintiff raised in the reply and that he was entitled to supplement his briefing with additional authority.

There is no provision in the Local Rules for a sur-reply or other additional briefing. Local Rule 7-1 provides for the filing of a motion, response, and a reply. A party may file a sur-reply only by leave of the Court, if the party shows "some factor that justifies a deviation from the rule." *Brunker v. Schwan's Home Serv., Inc.*, No. 2:04-CV-478, 2006 WL 3827046, *2 (N.D. Ind. Dec. 27, 2006) (citations omitted); *see also Goltz v. Univ. of Notre Dame du Lac*, 177 F.R.D. 638, 641-42 (N.D. Ind. 1997). In this case, the sur-reply addresses new arguments and evidence provided with the reply, and is allowed.

Experian also seeks to have the complete deposition transcript maintained under seal, with a redacted version made available to the public. Experian explains that the redacted information is

2

protected by the parties' protective order and includes trade secrets and other non-public commercial or financial information. "The public has a legitimate interest in the record compiled in a legal proceeding because the public pays for the courts," but this interest may be overridden "if there is good cause for sealing part of the record." *Forst v. Smithkline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009) (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999)). Good cause exists in this case to seal the transcript in order to maintain the confidentiality of non-public financial and business information, particularly since a redacted version is available on the public docket. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 546 (7th Cir. 2002).

## II.  Rule 37 Certificate

Federal Rule of Civil Procedure 37 provides that a motion "for an order compelling disclosure or discovery . . . must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Northern District of Indiana Local Rule 37-1 provides, "A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1. The Court may deny a motion to compel if it is not accompanied by a proper certification. *Id*.

Plaintiff has included a Rule 37 certificate indicating meet and confer meetings with Defendants. Defendants argue that the conferences dealt with supplemental document production, not the need for additional deposition testimony that Plaintiff is now seeking. They also assert that they supplemented their document production with some of the information sought in the emails

and agreed to discuss additional production but that Plaintiff failed to follow up on their offer. In his reply brief, Plaintiff argues that counsel attempted everything to resolve the discovery dispute, including meeting with counsel for Defendants prior to the 30(b)(6) depositions in attempt to reach agreement, without avail. He then explains that counsel for defendants knew that he was adjourning each of the depositions because the deponents were unprepared. Defendants agree that they were unable to reach complete consensus on their objections to the 30(b)(6) topics prior to the depositions, but explains that counsel were able to reach some agreement and that counsel for Experian sent an email to counsel for Plaintiff prior to the deposition outlining the remaining areas of disagreement. S-Rep. Ex. B. [DE 116-3]. Counsel for Experian brought up the conversation at the deposition, at which time counsel for Plaintiff denied that there had ever been an agreement and stated that he did not agree to limit his deposition notices in any way. Iwanski Trans. Vol. 2., 65:10-11, p. 280 [DE 114-1; 115].

Review of the exhibits to Plaintiff's Rule 37 certification indicates that the included conversations between the parties were primarily about document production, not about the 30(b)(6) depositions. The certificate, attached documents, and deposition transcript do not demonstrate that Plaintiff has "conferred in good faith . . . in an effort to resolve the matter raised in the motion." N.D. Ind. L.R. 37-1.

Defendants also argue that the motion was not timely. The deadline for completion of discovery was June 27, 2024. The instant motion was filed shortly after midnight, June 28, 2024, but was not accompanied by a request for extension of the deadline or an acknowledgment of the motion's untimeliness. Instead, the reply asserts that Plaintiff "filed his motion to compel before the discovery cut off."[1] Defendants also point out that the motion was filed months after the most

---

[1] The division where this case is pending is on Eastern Time, but even if it were not, the CM/ECF user manual makes it clear that "all electronic transmissions of documents must be completed (i.e., received completely by the clerk's

4

recent 30(b)(6) deposition, without Plaintiff discussing supplemental testimony with Defendants prior to bringing the motion. In reply, Plaintiff argues that there was a problem obtaining the deposition transcripts, which came even after the motion was filed. Although Plaintiff's motion was only a few minutes late, counsel for Plaintiff did not seek leave for or even acknowledge the belated filing. Plaintiff has failed to show good cause or excusable neglect for the belated filing, nor has he requested an extension of the discovery deadline in order to allow time to obtain the additional discovery he is seeking. Fed. R. Civ. P. 6(b); 16(b). The motion is being denied as untimely and for failure to comply with Rule 37, but the Court will also address some additional issues raised in the briefing.

### III.   Motion to Compel

The Court has "broad discretion to . . . manage discovery under Rule 26 of the civil rules." *Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 365 (7th Cir. 2017). Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court should consider such factors as "the importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Rule 30(b)(6) provides for depositions of corporate representatives. It requires the organization to designate people "who consent to testify on its behalf" and who "must testify about the information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

Plaintiff seeks to compel additional Rule 30(b)(6) deposition, arguing that that Defendants' 30(b)(6) deponents were unprepared for their depositions. Plaintiff identifies several general topics he argues should have been the subject of 30(b)(6) testimony and, in his reply brief, includes short

---

office) prior to midnight Eastern Time, (South Bend/Fort Wayne/Lafayette time) in order to be considered timely filed that day, regardless of the local time in the division where the case is pending." CM/ECF User Manual II(I).

portions of the deposition transcripts purporting to show the deponents' lack of preparation. Defendants argue that the additional information sought by Plaintiff has already been offered by Defendants in other formats or is not proportional to the needs of the case and that counsel for Plaintiff failed to abide by the parties' previous agreements regarding the topics that the 30(b)(6) deponents would be responsible for.

Plaintiff argues that the 30(b)(6) deponents were unprepared to answer questions and should be compelled to sit for additional depositions. Rather than identify the specific topics he noticed and how the responses were insufficient, he lists the topic numbers, apparently referring to the numbered list of topics on the notices of Rule 30(b)(6) depositions, and then cites some caselaw for the general proposition that the topics are relevant. For example, for one set of topics, Plaintiff includes a heading that says: "Topics #18-19 (Notice of problems)." The paragraph following the heading starts with a sentence citing to caselaw referring to "the health or safety of others," then concludes that "Defendants have been on notice of the inadequacy of their investigations and inaccuracies in their files." The section closes with a third sentence referring to other sources of the information being sought, averring that Defendants have not provided those sources either. The Court cannot ascertain what information Plaintiff is attempting to obtain from the deponent, how it is relevant to the case as a whole, whether it is proportionate to the needs of the case or would be burdensome to provide, or whether the information is most appropriately obtained from a corporate designee rather than a document request. *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002) ("'[I]t is not this court's responsibility to research and construct the parties' arguments,' and conclusory analysis will be construed as waiver.") (quoting *Spath v. Hayes Wheels Int'l-Indiana, Inc.*, 211 F.3d 392, 397 (7th Cir.2000)).

Plaintiff bears the burden of demonstrating how Defendants' discovery responses are inadequate. *Whitlow v. Martin*, 259 F.R.D. 349, 356 (C.D. Ill. 2009) ("The burden is on [movants] to explain how these discovery responses are inadequate.") (citing *Design Basics, Inc. v. Granite Ridge Builders, Inc.*, 2007 WL 1830809, *2 (N.D. Ind. June 21, 2007)); *see also* James Wm. Moore, 7 Moore's Federal Practice § 37.05[5] (3d ed.) ("A motion to compel discovery or disclosure should both identify specifically the portions of the responses that are inadequate, and explain, at least briefly, what is missing or what kind of information would be necessary to make the responses adequate."). Even if the motion had been timely filed with an appropriate Rule 37 certificate of true attempt to meet and confer, it is not apparent to the Court exactly what information Plaintiff is attempting to compel from Defendants, whether it is relevant to the case, or whether a 30(b)(6) deposition is the appropriate method to obtain the information.

### IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Compel Discovery [DE 105] in *Horizon Bank*, 4:22-CV-60-PPS-JEM; [DE 141] in *Experian*, 4:22-CV-85-PPS-JEM; [DE 106] in *Trans Union*, 4:22-CV-86-PPS-JEM; and [DE 112] in *Equifax Information Services*, 4:22-CV-90-PPS-JEM.

The Court **GRANTS** the Motion to Maintain Under Seal Experian's 30(b)(6) Deposition Transcript [DE 113] in *Horizon Bank*, 4:22-CV-60; [DE 150] in *Experian,* 4:22-CV-85-PPS-JEM; [DE 115] in *Trans Union*, 4:22-CV-86-PPS-JEM; and [DE 121] in *Equifax*, 4:22-CV-90-PPS-JEM; and **DIRECTS** the Clerk of Court to maintain the Exhibit at [DE 114] in *Horizon Bank,* 4:22-CV-60-PPS-JEM; [DE 151] in *Experian,* 4:22-CV-85-PPS-JEM; [DE 116] in *Trans Union*, 4:22-CV-86-PPS-JEM; and [DE 122] in *Equifax*, 4:22-CV-90-PPS-JEM **UNDER SEAL**.

The Court **GRANTS** the Motion for Leave to File Experian's Sur-Reply with Regard to Plaintiff's Motion to Compel Discovery from CRAs [DE 116] in *Horizon Bank*, 4:22-CV-60-PPS-JEM; [DE 153] in *Experian,* 4:22-CV-85-PPS-JEM; [DE 118] in *Trans Union*, 4:22-CV-86-PPS-JEM; and [DE 124] in *Equifax*, 4:22-CV-90-PPS-JEM.

As Rule 37(a) provides, because "the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Accordingly, the Court **ORDERS** Defendants to file, on or before **December 2, 2024**, itemizations of their costs and fees, including attorney's fees, incurred in defending against the motion to compel along with argument as to why those expenses are reasonable in this situation. The Court **ORDERS** Plaintiff to file his response by **December 16, 2024**, and Defendants to file a reply, if any, by **December 23, 2024**.

SO ORDERED this 15th day of November, 2024.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:   All counsel of record