UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| FABIAN HUIZAR,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Cause No. 4:22-CV-085-PPS |
| FABIAN HUIZAR,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC,<br><br>Defendant. | Cause No. 4:22-CV-086-PPS |
| FABIAN HUIZAR,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendant. | Cause No. 4:22-CV-090-PPS |

**OPINION AND ORDER**

The above-captioned consolidated cases are before the Court on Equifax and TransUnion's joint motion to stay the case, 4:22-cv-86, DE 191; and 4:22-cv-90, DE 193.

The motion was also filed in Experian's case docket, 4:22-cv-85, DE 267, as it is intertwined with Experian's motion to compel arbitration, 4:22-cv-85, DE 261. Because of the need to avoid duplicative trials and for the other reasons discussed below, the motions to stay will be granted.

**Background**

On July 11, 2022, Fabian Huizar sued three credit reporting agencies (or CRAs for short)—Experian, TransUnion, and Equifax—for violating the Fair Credit Reporting Act by including inaccurate information on his credit report and allegedly failing to properly reinvestigate the inaccuracy when notified of it. 4:22-cv-85, DE 5.[1] He also sued Horizon Bank, the entity that furnished the alleged inaccurate information to the CRAs. 4:22-cv-60, DE 4. Given the substantial overlap in the allegations spread across the four cases, I decided to consolidate all the cases for discovery purposes. After four years of litigation, including extensive discovery and the disposition of dozens of motions (including summary judgment motions), these consolidated cases were finally approaching trial. At that point, I determined that it made sense to have two trials: one against Horizon Bank and a second consolidated trial against the three CRAs. At the request of the CRAs, the trial against Horizon would proceed first in June, with the trial against the CRAs in October. DE 254.

The trial against Horizon Bank proceeded as scheduled in June and resulted in a verdict in favor of Mr. Huizar, with the jury awarding him $365,000 in compensatory

[1] There are many redundant docket entries and orders between the various cases. For the convenience of the reader, I will refer to the docket of only the earliest filed of these consolidated cases (4:22-cv-85) where possible.

damages and $2.5 million in punitive damages. 4:22 cv 60, DE 197. This large award must've caught people's attention, because a flurry of filings followed. First, there were a number of new attorneys who filed appearances in the various cases. In particular, the new lawyers for Experian thought the best tack was to file a motion to compel arbitration despite aggressively litigating this case for four years and despite specifically withdrawing the affirmative defense of arbitration more than three years ago. *Compare* DE 12 at 25-26 *with* DE 37 at 26. Experian's motion to compel arbitration is under consideration. In the meantime, TransUnion and Equifax filed their joint motion to stay this consolidated case until Experian's motion to compel arbitration is finally ruled on, including any appeal of that decision.

I will delve further into the questionable tactics and history surrounding the timing of Experian's motion to compel arbitration in my forthcoming order concerning that motion. However, importantly, for the purposes of the motion to stay, I heard argument on both motions at the final pretrial conference, where Experian's counsel represented that, if the motion to compel was denied, they would appeal it, resulting in an automatic stay of their case anyway. In response, Huizar told me that no matter what happens with Experian, he understandably wants the case to proceed to trial in October even if it is only against the other two CRAs (Transunion and Equifax).

**Discussion**

"It is well-established that the district courts retain the inherent power to control their own docket." *Bernstein v. Coinbase Glob., Inc.*, 2025 WL 2418409, at *2 (N.D. Ill. Aug. 21, 2025) (citing *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003)). "This inherent power

includes the ability to stay proceedings." *Id.* (citing *Mutnick v. Clearview AI, Inc.*, 2020 WL 8093509, at *1 (N.D. Ill. May 19, 2020)). When determining whether to grant a stay, courts consider (1) whether the stay will reduce the burden of litigation on the Court and the parties, (2) whether the stay will simplify the issues and streamline the trial; and (3) whether the stay will unduly prejudice or tactically disadvantage the non-moving party. *Bernstein*, 2025 WL 2418409, at *2.

With some degree of reluctance, I find these factors weigh in favor of a stay. Preliminarily, it is important to note that, regardless of how I dispose of the motion to compel arbitration, the case against Experian will have to be stayed. If I were to grant the motion, then the case against Experian would be stayed pending the arbitrator's decision on whether Experian waived its right to arbitrate. If I were to deny the motion to compel arbitration, the case against Experian would still be stayed, as Experian has represented that they intend to file an interlocutory appeal of the decision. Under the Federal Arbitration Act ("the FAA"), Experian is authorized to file an interlocutory appeal of a decision denying an arbitration request, and the district court *must* stay the case pending the resolution of that appeal. *Smith v. Spirizzi*, 601 U.S. 472, 473 (2024) ("The FAA's structure and purpose confirm that a stay is required. Section 16(a)(1)(C) of the FAA authorizes an immediate interlocutory appeal of the denial of an arbitration request."). So, if I do not stay the cases against Equifax and TransUnion, these consolidated cases will need to be broken up.

The cases against the Defendants concern the same key facts and alleged injuries, which is why they were consolidated in the first place for trial. DE 243. If I do not grant

the stay, there is a high chance that this Court will have to conduct nearly the same trial again for Experian at a later date. For example, if I deny the motion to compel arbitration and the Seventh Circuit affirms my decision, this Court will have to try the case again against Experian. And even if I were to grant the motion to compel arbitration, there is a high likelihood that an arbitrator will find that Experian waived its right to arbitrate by participating in this case for four years without saying so much as a peep about arbitration. The case would then come back to me for trial. Thus, a stay will undoubtedly "conserve judicial resources by avoiding duplicative litigation" by allowing the arbitration issue with Experian to be fully resolved before moving forward. *Paul v. Aviva Life & Annuity Co.*, 2009 WL 2244766, at *1 (N.D. Ill. July 27, 2009).

The stay would also simplify the issues and streamline the case. As described above, there is already a substantial verdict against Horizon Bank in this case for damages arising out of the same circumstances involved in these consolidated cases. There will already be complexities involved in squaring the verdict against Horizon Bank for Huizar's injuries with any potential verdict against the CRAs for the same injuries. If this case is not stayed, and the case against Experian has to be tried separately, there may be *three* separate verdict amounts arising from the same injury, which will require offsets, be subject to post-judgment motions, and necessitate significant additional inter-case coordination.

Lastly, this stay will not unduly prejudice or tactically disadvantage Huizar. In his response to the motion to stay, Huizar's counsel argues that he "has a strong interest in the timely vindication of his federal statutory rights and in presenting his claims to a

jury while the evidence remains fresh and available." 4:22-cv-86, DE 197. No doubt, but this statement is true for most plaintiffs in this court and is not enough to establish undue prejudice. *See Crowley v. Crowley*, 2025 WL 2605945 (S.D. Ind. Aug. 6, 2025) ("While a stay unavoidably slows the progression of a case, delay on its own does not constitute undue prejudice."); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 877 (N.D. Ill. 2016) ("[T]he potential for delay does not, by itself, establish *undue* prejudice.") (quoting *Mkt.-Alerts Pty. Ltd. V. Bloomberg Finance L.P.*, 922 F.Supp. 2d 486, 494 (D. Del. 2013) (original emphasis). Huizar has not shown that this delay presents a unique prejudice to him or any specific way in which it would tactically disadvantage him, especially in such a way as to outweigh the other two factors.

I fully appreciate Huizar's frustration with this delay and Experian's questionable eleventh-hour filing of the motion to compel arbitration. However, as explained above, the case against Experian will need to be stayed in any event, and allowing the cases against TransUnion and Equifax to go forward without Experian will result in duplicative litigation and additional complexity that is just not sensible.

ACCORDINGLY:

(1) Equifax and TransUnion's joint motion to stay the case [4:22-cv-85, DE 267; 4:22-cv-86, DE 191; and 4:22-cv-90, DE 193] is GRANTED.

(2) The consolidated cases [4:22-cv-85; 4:22-cv-86; and 4:22-cv-90] are hereby STAYED pending either (1) the arbitrator's decision regarding arbitrability in the Experian case if I grant Experian's motion to compel or if I deny it and that

decision is reversed by the Seventh Circuit or, (2) if I deny Experian's motion to compel arbitration and the Seventh Circuit affirms that decision.

**SO ORDERED**.

ENTERED: August 17, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT